JUAN C. BOOKER, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—88—3489

Opinion filed June 28, 1991.

Juan C. Booker, appellant *pro se.*

Roland Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff brought this action for administrative review of a decision of the Board of Review of the Illinois Department of Employment Security (Board) determining that he was ineligible for unemployment compensation benefits because he had voluntarily left his employment without good cause attributable to the employer, Illinois Bell Telephone Company, Inc. (IBT), under section 601A of the Illinois

Unemployment Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 431A). The circuit court affirmed the Board's decision. The plaintiff has appealed *pro se*, contending (1) the manner in which the action was conducted violated due process of law and (2) the trial court decided the matter without considering evidence which entitled him to unemployment benefits.

When the plaintiff initially applied for unemployment compensation benefits, he attached a letter to his office manager at IBT stating in part:

"I did advise you that I was going to take an early retirement from the company to pursue my career in writing. This letter is to affirm my resignation from the company. I decided to make it official by presenting this letter to you, even though you had acknowledged it several weeks ago. Please note the date we discussed, 5th February 1988, to be the official date.

Please forward any and all correspondence to the above address. If I have any money from the profit sharing plan, insurance, or pension plan, please advise respective departments to forward all property.

Your kind and considerate response to these matters will be appreciated.

It was lovely working for you and the Company as a whole. I've learned a lot of valuable information and marketing skills; especially bookkeeping.

Again, it has been a pleasure."

In applying for benefits, the plaintiff explained that he voluntarily quit because he was demoted and the company was determined not to advance him. He had spoken to a supervisor about the problem. When he started questioning the pension system of IBT, he was told that he would be discharged eventually so it was best that he quit. A claims adjudicator found that the plaintiff had voluntarily quit his employment on February 5, 1988, for personal reasons, and took an early retirement so he could become self-employed.

The plaintiff unsuccessfully sought a rehearing claiming that he was harassed for no reason and that IBT was trying to destroy him financially. He appealed further and testified at a hearing before a referee that he quit after 11 years of employment at IBT because he was harassed by IBT. He complained that his property was confiscated by IBT when his wages were garnished based on an order for child support. He explained that he told IBT that he wished to leave to pursue a career in writing, but there were other reasons, such as harassment and his property being confiscated by the garnishment proceedings

which prompted his departure. He considered the court order garnishing his wages as a malicious act in which he was required to pay monthly child support of $1,415 although his take-home pay was $423 every two weeks. This resulted in the proceeds of his pay check being seized.

The referee found that the plaintiff was disqualified from benefits because he voluntarily left his employment for a purely personal reason and not for any good cause attributable to the employer. The Board confirmed the referee's decision, and the circuit court affirmed the Board.

The plaintiff's first contention is that he was denied due process of law during the administrative proceedings. He complains that various labor department documents were included in the record; that IBT had the opportunity to come to court to refute his allegations but chose not to come forward; and that the transcript of the administrative hearing contains "inaudible" portions. He suggests that some documents submitted to the hearing examiner are not contained in the record and that the Board did not actually listen to the tape of the hearing before rendering its decision and "rubber stamped" the decision of the referee. He also makes additional general allegations of fraud in connection with incompleteness of the record.

■ The transcript of the administrative hearings demonstrates that the plaintiff received a fair hearing at which he had full opportunity to present evidence in support of his position. (*Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 101, 460 N.E.2d 766.) With regard to the charge that parts of the recording of the proceedings are inaudible, we judge that the plaintiff has not demonstrated how he was prejudiced. The mere fact that portions of the record of the proceedings may be inaudible, does not, of itself, establish a denial of due process. After examining the record, we find no basis for the plaintiff's claims of a denial of due process.

■ The plaintiff's brief deals primarily with his claims of deprivation of constitutional rights without argument or citation of authority concerning his underlying claim that he was improperly denied unemployment compensation benefits. The reason for the Board's denial of benefits was the plaintiff's admission that he had voluntarily left his employment, as shown by his handwritten letter of resignation. We do not consider that the trial court acted improperly in affirming the Board's decision which is not contrary to the manifest weight of the evidence. (See *Paddock v. Department of Employment Security* (1989), 184 Ill. App. 3d 945, 951, 540 N.E.2d 1053.) It is clear that following his resignation and upon applying for benefits and through-

out the administrative proceedings, the plaintiff sought to qualify his resignation by setting forth several additional explanations other than his desire to pursue a course in writing, such as the claim of harassment by IBT and the wage garnishment he claimed was unjust. The charge of harassment was not established, and the fact that the plaintiff's wages were garnished does not constitute good cause for the plaintiff to leave his employment.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA, JJ., concur.